United States District Court
Southern District of Texas
**ENTERED**
September 20, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| STEPHEN TODD ANDERSON | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 7:18-CV-0159 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

After a careful review of the record and relevant law, the undersigned recommends that Petitioner's § 2254 motion (Dkt. No. 1) be **DISMISSED** without prejudice for failure to exhaust and that the case be closed. The undersigned further recommends that a certificate of appealability be **DENIED**.

### I. BACKGROUND

#### A. PROCEDURAL HISTORY

On April 6, 2016, Petitioner was convicted fraudulent use or possession of identifying information in Coryell County, Texas. (Dkt. No. 1 at 2, TDCJ website).[1] Petitioner was sentenced to a seven-year term of incarceration. (*Id.*). Petitioner, in his § 2254 petition, states that he did

---

[1] The trial court case numbers are 15-22811 and 15-22812. The general offense information is available on the Texas Department of Criminal Justice website (last visited September 19, 2018), https://offender.tdcj.texas.gov/OffenderSearch/index.jsp.

not appeal his conviction or sentence. (*Id.* at 3). Significantly, Petitioner indicates that he did not file a state habeas petition regarding his grievances in the underlying § 2254 petition. (*Id.* at 8).[2]

## B. SUMMARY OF THE PLEADINGS

Petitioner raises four claims in his § 2254 petition: (1) he was denied mandatory supervision without due process and equal protection of the law; (2) his good-time and work-time credits were revoked without due process; (3) the procedures used by the Texas Board of Parole are unconstitutionally arbitrary; and (4) his continued incarceration is an abuse of "unfettered discretion" in violation of the Equal Protection and Due Process clauses. (Dkt. No. 1 at 6-7). Petitioner states that he has accrued good-time/work-time that, combined with his flat time, exceeds 100% of his seven-year sentence. (*Id.*). Petitioner seeks relief in the form of (1) the restoration of his good-time/work-time credits; (2) ordering the release of Petitioner to mandatory supervision; (3) the opportunity to correct and confront the contents of his parole file; (4) an opportunity to be heard in person, present witnesses, and documentary evidence; and/or (5) a decision based on facts before a neutral hearing body and a good-cause justification for his continued incarceration instead of boiler-plate reasons. (*Id.* at 7).

## II. EXHAUSTION

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). A petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). "It is not enough that all the facts necessary to support

---

[2] The undersigned has verified, with both the Coryell County District Clerk and the Texas Court of Criminal Appeals, that Petitioner did not file a state habeas petition.

the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 5-6 (1982) (citations omitted). If a petitioner fails to exhaust state remedies that are no longer available, that failure is a procedural default that bars federal habeas review "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The fundamental miscarriage of justice exception requires showing that a constitutional violation "probably resulted in the conviction of one who is actually innocent, [such that] a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Petitioner did not file a state habeas petition. He does not allege that he meets the fundamental miscarriage of justice exception. Petitioner, invoking 28 U.S.C. § 2254(b)(1)(B)(i), does offer that there was "no state corrective process available" or that "any other process [than § 2254] would be ineffective" because Tex. Gov. Code Ann. § 508.149(d) forecloses any administrative or judicial review of the decision to deny mandatory supervision. (Dkt. No. 1 at 8). This is incorrect. This statute does not foreclose state habeas corpus petitions. The Texas Court of Criminal Appeals has held that if the process for arriving at the decision involves a denial of constitutional or statutory rights, claims may still be raised in a state petition for writ of habeas corpus. *Ex parte Geiken*, 28 S.W.3d 553, 556–57 (Tex. Crim. App. 2000) (board's decision to deny mandatory supervision is not reviewable in light of § 508.149(d) but the process for arriving at decision is); *see Hess v. Stephens*, No. 4:13-CV-093-A, 2013 WL 3204373, at *1 (N.D. Tex. June 24, 2013).

"Cause" must usually be an "objective factor external to the defense" that impeded the petitioner's ability to meet the procedural requirement. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Therefore, because Petitioner's basis for failing to file a state habeas petition is simply a mistake of law, this cannot satisfy the "cause and prejudice" exception. Petitioner's § 2254 petition should be dismissed without prejudice for failure to exhaust. All of Petitioner's claims can be raised in a state habeas petition. Petitioner is free to file a § 2254 petition in the future once his claims are exhausted.

As an additional matter, Petitioner should take note that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). A direct challenge to the Texas Board of Parole's decision to deny mandatory supervision will not entitle him to state *or* federal relief. *See May v. Texas Bd. of Pardons & Paroles*, 370 F. App'x 550, 552 (5th Cir. 2010).

Notwithstanding this, a state statutory scheme may create a protectable interest in conditional release and the good-time credits that make one eligible for conditional release. *Teague v. Quarterman*, 482 F.3d 769, 774-77 (5th Cir. 2007). The inmate is "entitled to the minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state-created right is not arbitrarily abrogated." *Id*. Petitioner presents exactly this kind of procedural Due Process argument in his petition. He simply has not exhausted his state remedies.

## III. CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Petitioner's § 2254 motion (Dkt. No. 1) be **DISMISSED** without prejudice for failure to exhaust and that the case be closed.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), the movant may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." The Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, The Rules Governing Section 2254 Proceedings. Because it is recommended that Petitioner's § 2254 motion be dismissed, it must be addressed whether he is entitled to a certificate of appealability (COA).

A movant is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal

Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 20th day of September, 2018, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge